# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

NIGEL RAY LACHEY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 2:20-cv-01438-BNW

**ORDER**

    Presently before the Court is *pro se* plaintiff Nigel Ray Lachey's application to proceed *in forma pauperis* (ECF No. 1), filed on August 4, 2020. For the reasons discussed below, the Court grants Plaintiff's application to proceed *in forma pauperis*, but dismisses his complaint with leave to amend.

**I.     *In Forma Pauperis* Application**

    Lachey submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted. The Court will next screen the complaint. ECF No. 1-3.

**II.    Screening the Complaint**

    **A. Standard of Review**

    Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).[1] In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may

---

[1] Although § 1915 largely concerns prisoner litigation, § 1915(e) applies to all *in forma pauperis* proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]").

be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear that the complaint's deficiencies could not be cured through amendment, a plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Even following the U.S. Supreme Court's holdings in *Twombly* and *Iqbal*, the Court has an "obligation . . . where the petitioner is *pro se* . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (internal quotations and citation omitted). But "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989); *see also Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)) (noting that a liberal construction may not be used to supply an essential element of the claim absent from the complaint).

In the context of social security appeals, if a plaintiff's complaint challenges a decision by the Social Security Administration, the plaintiff must exhaust administrative remedies before filing a lawsuit. *See* 42 U.S.C. § 405(g); *see also Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has

made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, the claimant may request reconsideration of the decision. If the claim is denied at the reconsideration level, a claimant may request a hearing before an administrative law judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request judicial review. *See generally* 20 C.F.R. §§ 404, 416.

Once a plaintiff has exhausted administrative remedies, he may obtain judicial review of a SSA decision denying benefits by filing suit within 60 days after notice of a final decision. *Id.* An action for judicial review of a determination by the SSA must be brought "in the district court of the United States for the judicial district in which the plaintiff resides." *Id.* The complaint should state the nature of plaintiff's disability, when plaintiff claims he became disabled, and when and how he exhausted his administrative remedies. The complaint should also contain a plain, short, and concise statement identifying the nature of plaintiff's disagreement with the determination made by the SSA and show that plaintiff is entitled to relief.

A district court can affirm, modify, reverse, or remand a decision if plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (b) whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

**B. Analysis**

Here, Lachey seeks review of a denial of supplemental security income. ECF No. 1-3 at 1–2. Although he indicated that he resides within the District of Nevada and provided a plain, short, and concise statement identifying his disagreement with the SSA's determination,[2] his complaint is still deficient. *Id*. This is because, even liberally construing Plaintiff's complaint, the Court cannot determine whether he exhausted the administrative remedies and timely commenced

---

[2] Lachey appears to allege that the ALJ failed to properly evaluate Plaintiff's medical impairments at step three of the five-step sequential evaluation process. ECF No. 1-3 at 1.

this action.[3] Without this information, the Court is unable to determine whether it has jurisdiction over the matter. *See Bass*, 872 F.2d at 833 (noting that judicial review of administrative decisions by the SSA is limited to a final decision of the Commissioner of Social Security); *see also* 20 C.F.R. §§ 416.1407, 416.1429, 416.1467, 416.1481 (An individual who is dissatisfied with the SSA's initial determination must (1) first seek administrative reconsideration, (2) then seek an administrative hearing before an ALJ, and (3) then file a request for the Appeals Council review of the ALJ's decision. The administrative review process is complete only when the Appeals Council either denies or grants review and issues a decision. It is only at this point that a court may review the Commissioner's final decision.).

Accordingly, the Court will order that Plaintiff's complaint be dismissed, but with leave to file an amended complaint.

The Court will also order the Clerk of Court to mail Plaintiff a blank template complaint for review of a social security disability or supplemental security income decision (i.e., Form Pro Se 13). The Court advises Plaintiff to complete the form fully and in its entirety, including indicating the nature of Plaintiff's disability, when he claims he became disabled, and when and how he exhausted his administrative remedies. The Court also advises Plaintiff to attach a complete copy of the Appeals Council's letter. This is so the Court can determine if it has jurisdiction over the matter. Further, the Court advises Plaintiff that the amended complaint must also contain a short and plain statement identifying the nature of Plaintiff's disagreement with the SSA's determination. Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff must still give the Commissioner of Social Security fair notice of the reason(s) Plaintiff is seeking review of the Commissioner's decision.

Additionally, the Court advises Plaintiff that if he files an amended complaint, the original complaint (ECF No. 1-3) will no longer serve any function in this case. This is because the Court

---

[3] This is so even though Plaintiff alleges that his application for supplemental security income was denied and there may been a hearing. ECF No. 1-3 at 1. ("I did not receive appropriate counsel or representation prior to the hearing with minimal participation from a representative vice counsel."). But Plaintiff does not plead with specificity that his application for supplemental security income was denied initially, on reconsideration, by the ALJ following a hearing, and by the Appeals Council.

cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Put another way, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents.

Finally, if Plaintiff chooses to file an amended complaint, the Court will screen it in a separate Screening Order as required by 28 U.S.C. § 1915(e)(2).

**IT IS THEREFORE ORDERED** that:

1. Plaintiff Nigel Ray Lachey's request to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee of $400.00.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or giving security for them. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

3. IT IS FURTHER ORDERED that the Clerk of Court shall file Plaintiff's Complaint (ECF No. 1-3).

4. IT IS FURTHER ORDERED that the Complaint (ECF No. 1-3) is DISMISSED, but with leave to amend.

5. IT IS FURTHER ORDERED that if Plaintiff wishes to file an amended complaint, he must do so by September 15, 2020. If he chooses to file an amended complaint, he must write the words "First Amended Complaint" in the caption. The amended complaint will be screened in a separate Screening Order. Additionally, the amended complaint must be a complete document in and of itself and will supersede the original complaint (ECF No. 1-3) in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the Court. The amended complaint must also include a copy of the Appeals Council letter if Plaintiff moves forward with his request to have the Court review the SSA's disability determination.

6. IT IS FURTHER ORDERED that the Clerk of Court send Plaintiff

1 one blank complaint form for review of a social security disability or supplemental security
2 income decision (Form Pro Se 13), one copy of the original complaint (ECF No. 1-3), and one
3 copy of this Screening Order.

5     DATED: August 14, 2020

6 
7                                    BRENDA WEKSLER
                                   UNITED STATES MAGISTRATE JUDGE